1  Anthony Lanza, (Bar No. 156703)
   Brodie H. Smith (Bar No. 221877)
2  LANZA & SMITH
   A Professional Law Corporation
3  3 Park Plaza, Suite 1650
   Irvine, California  92614-8540
4  (949) 221-0490
   Fax (949) 221-0027
5
   Attorneys for Plaintiff Dr. Tina Kokkinis
6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10           **SOUTHERN DIVISION – SANTA ANA**

11

12

13 | DR. TINA KOKKINIS, an individual; | Case No.:
14 |                                   | **COMPLAINT FOR:**
   |          Plaintiff;               |
15 | vs.                               | **1.  Breach of Contract (Breach of Promissory Note)**
16 | BRUCE HAROLD BOYD, an             |
   | individual; and DOES 1 through 10 | **2.  Fraud**
17 | inclusive;                        |
   |                                   | **[Jury Trial Demand]**
18 |                                   |
   |          Defendants.              |
19

20

21

22       Plaintiff Tina Kokkinis, an individual ("Kokkinis"), by and through her

23 attorneys, Lanza & Smith, for her Complaint, with the allegations contained herein

24 asserted against defendants Bruce Harold Boyd, an individual ("Boyd"), and Does 1

25 through 10, alleges as follows:

26 ///

27 ///

28 ///

X:\D\703-01\Pleadings\Complaint.doc

**PARTIES**

1.　　Plaintiff Kokkinis is an individual residing at Josef-Probst-Str. 20, 76726 Germersheim, Germany, plus at times San Pedro Town, Belize.

2.　　Defendant Boyd is an individual (Date of Birth: September 2, 1950) residing at 107 Highland Street, Newport Beach, California 92663.

3.　　In addition to the defendant named in this action, upon information and belief, other parties, known and unknown, participated in the breaches and the fraud alleged herein.  The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 10, inclusive, are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Each of these fictitiously named defendants is responsible for the events and occurrences alleged herein, which were legally and proximately cause by their conduct.  Plaintiff will seek leave to amend this pleading to state the true names and capacities of such fictitiously names defendants once ascertained.

4.　　As to all claims herein, at all times, each defendant was the agent and employee of each of the other defendants, and in doing the things alleged herein, was acting within the scope of such agency and employment.

**FACTUAL SUMMARY**

5.　　This action arises from an unpaid Promissory Note, originally in the principal amount of $60,000.

6.　　Plaintiff is a medical doctor residing in both Germany and San Pedro Town, Belize.

7.　　Within the last ten years, Dr. Kokkinis has resided, from time to time, and for various lengths of time, in the town of San Pedro, Belize.   It was in San Pedro Town, Belize, that Kokkinis and Boyd became acquainted (Boyd currently resides in Newport Beach).  San Pedro is a small town and most residents are familiar with one another, particularly among the non-native population.

8.     In or about the year 2007, Boyd approached Kokkinis with a "business proposition," asking for a $60,000 (U.S.) loan in exchange for promised re-payment at 10% interest.  Boyd claimed that he intended to utilize the loan to renovate his home on Highland Street in Newport Beach; Kokkinis agreed.

9.     Boyd and Kokkinis executed a Promissory Note, notarized by a Justice of Peace in San Pedro Town, Belize, on April 30, 2007.  A true and correct copy of the Promissory Note is attached as Exhibit "A."  The Promissory Note verifies that Dr. Kokkinis lent $60,000 to Boyd on April 30, 2007, in exchange for which Boyd agreed that the loan would accrue interest at the rate of 10% per year, compounded annually on May 1st of each year, in addition to a security interest in Fido's Restaurant & Bar in San Pedro Town.  The Promissory Note also provided that "the loan is to continue in effect unless cancelled by either party by giving a three months notice in writing."

10.     On March 15, 2015, Dr. Kokkinis provided formal notice to Boyd, via e-mail, under paragraph three of the Promissory Note, requiring payment in full on or before July 1, 2015.  Her March 15th notice stated that the interest due and payable on the Promissory Note was $56,923, for a total due (at that time) in the amount of $126,923.

11.     Following this notification, Boyd contacted Dr. Kokkinis and promised to repay the debt, in full.  However, consistent with Boyd's past patterns, he failed and/or refused to tender such payment, and in fact he has not re-paid any portion of the debt.  Nor has Boyd tendered any of the stock certificates or shares representing his alleged interest in Fido's Restaurant & Bar in San Pedro Town, pursuant to paragraph five of the Promissory Note.

12.     Dr. Kokkinis has since learned, alleged based on information and belief, that Boyd has scammed other unsuspecting persons into loaning various sums of money, only to fail to pay these debts. In each case, Boyd promised to pay off the balance imminently, but these were false promises designed only to obfuscate the truth and delay prosecution.

1    13.   As of May 1, 2017, the amount of $155,624 will be due and owing under

2    the Promissory Note.

3

4                          **JURISDICTION AND VENUE**

5    14.   This Court has jurisdiction over the claims for relief in this action under

6    28 U.S.C. § 1332 [Diversity Jurisdiction], as Plaintiff is a resident of Germany, and

7    Defendant Boyd is a resident of Newport Beach, California.

8    15.   Personal jurisdiction and venue are predicted upon 28 U.S.C. § 1391 (b),

9    since Defendant Boyd is, and was at all times relevant, a resident of the Central

10   District of California, and also since a substantial part of the events or omissions

11   giving rise to the claims occurred in the Central District of California.

12

13                        **FIRST CLAIM FOR RELIEF**

14                   **(Breach of Contract – Promissory Note)**

15                          **Against All Defendants**

16   16.   Plaintiff incorporates by reference Paragraphs 1 through 15 above.

17   17.   Plaintiff Kokkinis and Defendant Boyd entered into a contract (the

18   Promissory Note) on April 30, 2007.

19   18.   The Promissory Note verifies that Dr. Kokkinis lent $60,000 to Boyd on

20   April 30, 2007, in exchange for which Boyd agreed to pay 10% interest per year,

21   compounded annually on May 1st of each year, in addition to a security interest in

22   Fido's Restaurant & Bar in San Pedro Town.  The Promissory Note also provided that

23   "the loan is to continue in effect unless cancelled by either party by giving a three

24   months notice in writing."

25   19.   On March 15, 2015, Dr. Kokkinis provided formal notice to Boyd, via e-

26   mail, under paragraph three of the Promissory Note, requiring payment in full on or

27   before July 1, 2015.  Her March 15th notice stated that the interest due and payable on

28   the Promissory Note was $56,923, for a total due (at that time) in the amount of

                                           4
                                      COMPLAINT

1 | $126,923.

2 |      20.    Defendant Boyd refused and continues to refuse to pay under the

3 | Promissory Note, thereby breaching the contract.

4 |      21.    To date, Defendant Boyd has not re-paid any of the principal or interest

5 | due to Plaintiff Kokkinis under the Promissory Note.

6 |      22.    As a result of Boyd's breach of the Promissory Note, he has injured Dr.

7 | Kokkinis and owes her approximately $155,624.

8 |

9 | **SECOND CLAIM FOR RELIEF**

10 | **(Fraud)**

11 | **Against All Defendants**

12 |      23.    Plaintiff incorporates by reference Paragraphs 1 through 22 above.

13 |      24.    Plaintiff Kokkinis has learned, since entering into the Promissory Note

14 | with Boyd, that (alleged based on information and belief) Boyd has engaged in a

15 | pattern of seeking loans from other individuals intending not to repay them. Since

16 | being deceived by Defendant, Dr. Kokkinis has learned that she is not the only victim

17 | of his fraudulent misconduct. She is informed and believes, and based thereon

18 | alleges, that Boyd has also fraudulently induced others into lending him money, which

19 | debts he has not paid, including but not limited to Natalie Palen and Nancy Nada. In

20 | this way, Boyd is engaged in an ongoing, serial scheme pursuing fraud and conversion

21 | (theft).

22 |      25.    In 2007, immediately prior to entering into the Promissory Note, in

23 | Belize City, Boyd made material representations to Kokkinis stating that if she

24 | "loaned" him $60,000, he would timely re-pay it with interest. Boyd represented that

25 | he was able, and intended, to re-pay Kokkinis in full, and that he owned Fido's

26 | Restaurant & Bar—which he offered as "security" to ensure repayment under the

27 | Note.

28 |

X:\D\703-01\Pleadings\Complaint.doc

26.    At the time Boyd made these representations to Kokkinis, he knew they were false.  He did not intend to re-pay or even attempt to repay the funds to Dr. Kokkinis, and in fact she is informed and believes that Boyd has never owned any interest in Fido's Restaurant & Bar.  Boyd knew the representations were false at the time he made them, and he made them with the intent to cause Kokkinis to rely on the representations to her detriment.  Kokkinis did, in fact, rely on the representations to her detriment when she placed $60,000 (U.S.) of her funds into Boyd's custody and control, not knowing that Boyd intended to convert said funds and that his alleged "security" was a fiction.

27.    As a result of Boyd's misrepresentations, he has injured Kokkinis in the amount of at least $155,624.

28.    Boyd further acted intentionally, willfully, fraudulently, deliberately, maliciously and in bad faith, thereby warranting punitive damages in the amount of at least $60,000.

**PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendant Boyd as follows:

1.    For general, compensatory, and consequential damages in an amount to be determined according to proof at the time of trial, in excess of $155,624;

2.    For interest at the highest legal rate commencing from the earliest date allowed by law; and

3.    For punitive and exemplary damages of at least $60,000.

4.    For such other and further relief as the Court may deem just and appropriate.

///

///

///

X:\D\703-01\Pleadings\Complaint.doc

1

2                              **<u>DEMAND FOR JURY TRIAL</u>**

3              Plaintiff hereby demands a jury trial in this action.

4

5                                              LANZA & SMITH

6                                              A Professional Law Corporation

7

8    March 21, 2017

9                                              Anthony Lanza
                                               Attorneys for Plaintiff
10                                             Dr. Tina Kokkinis

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Loan agreement

between

*Dr. Tina Kokkinis, DOB:19th of August, 1975. Lagoon Street, San Pedro Town, Belize, Central America, Tel/Fax:+501-226-2660, Email: charly198@web.de*

and

*Mr. Bruce Boyd, DOB:2nd of September, 1952,      107 Highland Street, Newport, 92663 California, USA, Tel/Fax:+1-949-258-1222 Email: bruce@newportpelican.com*

The present contract contains the following agreements:

1.  On the 30th of April, 2007 Mr. Bruce Boyd receives a loan of 60.000 US dollars (sixty thousand) from Dr. Tina Kokkinis.

2.  Mr. Bruce Boyd agrees to pay ten percent (10%) interest per year on the loan amount. The interest is to be paid on May 1st of each year for as long as the loan is in effect and is to be added to the account balance.

3.  The loan is to continue in effect unless cancelled by either party by giving a three months notice in writing.

4.  If the loan is cancelled, the interest due will be prorated by month.

5.  This loan is based on the security of FIDO's RESTAURANT & BAR in San Pedro Town.

6.  If any provision of this agreement is held to be invalid or unenforceable, all the other provisions shall continue in full force and effect.

San Pedro Town, Belize on the 30th of April, 2007

Tina Kokkinis

San Pedro Town, Belize on the 30th of April, 2007

Bruce Boyd

Certificate of Identification

Names: Bruce Boyd and Dr. Tina Kokkinis

I hereby certify that the above named Bruce Boyd and Dr. Tina Kokkinis appeared before me on the 30th of April, 2007 and being known by me *VERONICA CASERI* Acknowledge the above signature or make to be theirs and that they had freely and voluntarily executed this instrument and understood its contents.

San Pedro Town, Belize on the 30th of April, 2007

Veronica Caseres
Justice of the Peace

_Veronica Caseres_
Justice of Peace

Attachment:
Copy of passports